UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Sherman,                                                    Civil No. 11-582 JRT/AJB

        Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

Daniel W. Buchholz, et al.,

        Defendants.

This matter comes before the Chief Magistrate Judge, Arthur J. Boylan, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for report and recommendation to the district court that this matter be dismissed for failure to prosecute. The court issued an Order dated October 31, 2011, therein advising the plaintiff that the action would be subject to dismissal if he failed to comply with the Order within 30 days of the date of the Order. Specifically, the court concluded that more than 180 days had elapsed since summons were issued and no answer had been filed. Based upon that determination the plaintiff was instructed:

> . . . to promptly advise the court, within 30 days of the date of [the] Order to Take Action, as to whether service of the summons and complaint has been attempted or accomplished, and if service has not been made, state good cause for such failure if he desires additional time to make service. In the event that service has been made, plaintiff [was required to]:
>
> 1. Immediately notify defense counsel of the requirement that counsel appear by filing the pleading or move for an extension of time for filing;
>
> 2. File an application for entry of default judgment unless the required pleading is filed within 10 days; or
>
> 3. Advise the Court in writing if good cause exists for noncompliance with the terms of this Order.

More than 30 days have now passed since the Order to Take Action was issued

and there has been no response from the plaintiff and no apparent effort to comply with the Order or advise the court as to the status of the case. Furthermore, more than seven months have passed since summons was issued and in that time there have been no filings by the plaintiff that would indicate that he is actively attempting to prosecute any claims in this case.

Dismissal without prejudice is a minimal sanction for plaintiff's failure to take action as required by court order. The court's authority to dismiss an action for failure to take action is necessary to prevent undue delay in the disposition of cases and is recognized under Fed. R. Civ. P. 41(b) as an adjudication on the merits. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). Pursuant to the court's inherent case management and administration responsibilities, dismissal of this action without prejudice is an appropriate sanction. Fed. R. Civ. P. 41(b).

Therefore, **IT IS HEREBY RECOMMENDED** that this matter be **dismissed** without prejudice for failure to prosecute in compliance with the court's Order to Take Action dated October 31, 2011.

Dated:   December 6, 2011

   s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 20, 2011.